USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/20/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN DION ROLLE, JR.,

                Movant,

-against-

UNITED STATES OF AMERICA,

                Respondent.

22 Civ. 3824 (AT)

20 Cr. 594 (AT)

ORDER

ANALISA TORRES, United States District Judge:

      Movant, currently incarcerated in FCI Hazelton in West Virginia, brings this *pro se* motion under 28 U.S.C. § 2255 challenging the judgment of conviction entered in *United States v. Rolle,* No. 20 Cr. 0594 (S.D.N.Y.). For the reasons set forth below, the Court DENIES the motion without prejudice.

## STANDARD OF REVIEW

      A prisoner in federal custody may bring a motion under 28 U.S.C. § 2255 attacking his sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or it is otherwise subject to collateral attack. 28 U.S.C. § 2255. Under Rule 4(b) of the Rules Governing § 2255 Proceedings, the Court has the authority to review and deny a § 2255 motion prior to directing an answer "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing § 2255 Proceedings, Rule 4(b); *see Acosta v. Nunez*, 221 F.3d 117, 123 (2d Cir. 2000).

      The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with

relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## DISCUSSION

The Court declines to address the merits of Movant's Section 2255 motion at this time because of his pending direct appeal. A criminal defendant is generally required to pursue a direct appeal before bringing a Section 2255 motion. *See United States v. Vilar*, 645 F.3d 543, 548 (2d Cir. 2011). Although "there is no jurisdictional bar to a district court's adjudication of a § 2255 motion during the pendency of a direct appeal," *United States v. Outen*, 286 F.3d 622, 632 (2d Cir. 2002), such review should proceed only "in extraordinary circumstances given the potential for conflict with the direct appeal," *United States v. Prows*, 448 F.3d 1223, 1228 (10th Cir. 2006), and that "the results on direct appeal may make the district court's efforts on the § 2255 motion a nullity," *Outen*, 286 F.3d at 632; Advisory Committee's Note to Rule 5 of the Rules Governing Section 2255 Proceedings ("There is no requirement that the movant exhaust his remedies prior to seeking relief under § 2255. However, the courts have held that such a motion is inappropriate if the movant is simultaneously appealing the decision.").

Because Movant has a pending direct appeal before the Court of Appeals for the Second Circuit, *United States v. Rolle*, No. 21-2900 (2d Cir.), this Section 2255 motion is premature. The Court DENIES the Section 2255 motion without prejudice to Movant's refiling it after disposition of the direct appeal, should relief still be necessary. Further, the Court DISMISSES the civil case opened for this motion.

The Clerk of Court is directed to terminate all motions and close 22 Civ. 3824.

SO ORDERED.

Dated:   May 20, 2022
         New York, New York

_____
ANALISA TORRES
United States District Judge